IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Natahsa Lashawn Thompson                                                         Plaintiff

v.                              No. 2:13–CV–079-SWW–HDY

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                   Defendant

## Instructions for Recommended Disposition

The following recommended disposition will be sent to U.S. District Judge Susan W. Wright. A party to this dispute may file and serve written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] Failing to object within 14 days may waive the right to appeal questions of fact.[2] An objecting party who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose, must address the following matters as part of written objections: (1) why the record before the magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies of any testimony and/or documents

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

to be proffered at a hearing. Based on this submission, Judge Wright will determine the need for a hearing.

## Recommended Disposition

Natasha Lashawn Thompson seeks judicial review of the denial of her application for disability insurance benefits and supplemental security income.[3] Thompson's last full-time job was a warehouse order puller.[4] According to Thompson, she quit that job because of fatigue.[5] She continued to work part-time as an unlicensed hair stylist.[6] As a teenager, Thompson received SSI for complications from autoimmune hemolytic anemia and lupus.[7] After treatment, her illnesses went into remission. In 2010, she experienced a relapse. Treatment resolved her symptoms, but she applied for disability benefits. She bases disability on sickle cell anemia and lupus.[8]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Thompson has severe impairments — sickle cell

---

[3] SSA record at pp. 102 & 109.

[4] *Id*. at pp. 157 & 170.

[5] *Id*. at p. 29.

[6] *Id*. at pp. 139, 146 & 170.

[7] *Id*. at pp. 26 & 133.

[8] *Id*. at p. 169.

anemia and lupus[9] — but she can do some sedentary work.[10] Because a vocational expert identified available work for a person with Thompson's limitations,[11] the ALJ determined Thompson is not disabled and denied the application.[12]

After the Commissioner's Appeals Council denied a request for review,[13] the ALJ's decision became a final decision for judicial review.[14] Thompson filed this case to challenge the decision.[15] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[16]

---

[9]*Id*. at p. 13.

[10]*Id*. at p. 14.

[11]*Id*. at p. 36.

[12]*Id*. at p. 18.

[13]*Id*. at p. 1.

[14]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[15]Docket entry # 1.

[16]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Thompson's allegations**.  Thompson contends she is entitled to disability benefits under listing 14.02B for systemic lupus erythematosus.  She asks the court to remand this case because the ALJ didn't discuss the evidence showing she doesn't meet the listing.  She maintains she cannot do sedentary work.  She complains about the ALJ's reliance on her failure to take prescribed medication for autoimmune hemolytic anemia.  For these reasons, she maintains substantial evidence does not support the ALJ's decision.

For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Thompson can do some sedentary work.[17]  Sedentary work "represents a significantly restricted range of work.  Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[18]  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small

---

[17]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[18]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

tools."[19] In this case, the ALJ reduced sedentary work by: (1) no stooping, crouching, kneeling, or climbing ladders/ropes/scaffolds; and (2) no exposure to hazards like moving machinery, open flames, or unprotected heights.[20] The court must determine whether a reasonable mind would accept the evidence as adequate to show Thompson can work within these parameters.

**SLE**. "Lupus is an autoimmune disorder that may damage body tissues and lead to widespread, chronic inflammation and pain during periods of worsened symptoms called flares."[21] SLE is a type of lupus. People with SLE "tend to have low numbers of red blood cells (anemia) and low numbers of certain types of white blood cells."[22] Thompson has a form of anemia — acquired autoimmune hemolytic anemia.

Thompson complains because the ALJ didn't discuss the evidence about SLE, but there is no medical evidence to discuss. Thompson's primary care physician sent her to a rheumatologist after she reported a history of SLE.[23] The rheumatologist diagnosed a

---

[19] 20 C.F.R. §§ 404.1567(a) & 416.967(a).

[20] SSA record at p. 14.

[21] Rosalyn Carson-DeWitt & Laura Jean Cataldo, 5 The Gale Encyclopedia of Med. 4236 (4th ed.).

[22] *Id.* at p. 4240.

[23] SSA record at p. 214.

reported history of lupus, not SLE.[24] He ordered some lab work, but prescribed no treatment.[25] He asked Thompson to return in six weeks, but she did not return.[26] This is not the type of evidence that must be discussed in determining whether a person meets a listing. If the ALJ erred in regard to SLE, the error was identifying lupus as a severe impairment — because the rheumatologist did not diagnose SLE.

**Autoimmune hemolytic anemia**. The ALJ identified sickle cell anemia as a severe impairment, but Thompson has a different form of anemia — autoimmune hemolytic anemia. "Hemolytic anemia is a disorder in which the red blood cells are destroyed prematurely."[27] Autoimmune disorders like SLE can cause hemolytic anemia. "Acquired hemolytic anemia may be prevented if the underlying disorder is managed properly."[28]

Thompson's underlying disorder was managed as a teenager. Her hemolytic anemia went into, and remained in, remission until she applied for disability benefits.[29]

---

[24]*Id*. at p. 220.

[25]*Id*.

[26]*Id*.

[27]Teresa Odle, 3 The Gale Encyclopedia of Med. 2055 (4th ed.).

[28]*Id*. at p. 2056.

[29]SSA record at p. 291 (per hematologist, all parameters suggest a relapse of autoimmune hemolytic anemia).

She had a relapse. Her hematologist prescribed a blood transfusion and oral steroids. Her symptoms resolved.[30]

Thompson continued to complain about fatigue and occasional dizziness,[31] but she did not manifest other common symptoms like shortness of breath, increased heart rate, pale appearance, dark urine or jaundice. She experienced no serious problems like heart failure, gallstone, shock, or an enlarged liver. In short, treatment controlled her illness, except for fatigue and occasional dizziness. An illness which can be controlled by treatment is not considered disabling.[32] There is no indication the ALJ relied on noncompliance. Thompson testified that she took the prescribed medication for one year.[33]

**Opinion evidence**. The agency medical expert limited Thompson to sedentary work, due to chronic fatigue.[34] The ALJ reduced sedentary work by eliminating stooping, crouching, kneeling, climbing ladders/ropes/scaffolds, and exposure to hazards like moving machinery, open flames or unprotected heights.[35] These

---

[30]*Id*. at p. 281.

[31]*Id*. at p. 224.

[32]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[33]SSA record at p. 32.

[34]*Id*. at p. 255.

[35]*Id*. at p. 14.

restrictions responded to complaints of fatigue and occasional dizziness. A reasonable mind would accept the evidence as adequate to show Thompson can work within the defined parameters, because Thompson's functional restriction flows from fatigue; sedentary work accommodates that restriction. The ALJ's postural limitations and restrictions on workplace hazards accommodate occasional dizziness.

**Vocational evidence**. After determining Thompson's ability to work, the ALJ asked a vocational expert about available work for a person with Thompson's limitations.[36] The vocational expert identified representative sedentary work.[37] The vocational expert's answers show work exists that Thompson can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[38] Because such work exists, Thompson is not disabled under social security disability law.

**Conclusion and recommendation**. Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Thompson's request for relief (docket entry #2) and

---

[36] *Id*. at pp. 35-36.

[37] *Id*. at p. 36 (identifying charge account clerk and document preparer as representative work).

[38] 42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).

AFFIRMING the Commissioner's decision.

It is so ordered this _8_ day of May, 2014.

_____
United States Magistrate Judge